# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:00cr99

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>Vs. )<br>)<br>BARRON BERNARD RAMSEY, )<br>)<br>Defendant. )<br>_____ ) | ORDER |

**THIS MATTER** is before the court on defendant's letters of November 1, 2009, (#51) and November 30, 2009 (#52), in which defendant makes the following requests:

(1) a copy of the Presentence Investigation Report;

(2) to alter the judgment in a manner that would not require payment of the outstanding balance of restitution, represented by defendant as $195.00, until he is released from prison;

(3) a copy of the court's criminal docket for this case; and

(4) "readjustments of my (points)."

As to a copy of the Presentence Report, defendant should have received a copy from his attorney, and may still get a copy simply by writing his attorney (if such attorney has maintained such file this long). In case counsel's address has changed, defendant is advised that his attorney maintains the following address with the court:

> **Randolph Marshall Lee**
> P. O. Box 77005
> Charlotte, NC 28271

As to altering the judgment to allow payment of what appears to be very modest restitution, defendant has not shown a material change in his economic circumstances that might affect his ability to pay restitution during incarceration, 18 U.S.C. § 3664(k), and this request will be denied. While this court specifically maintained ultimate authority over any schedule of payment in its Judgment in accordance with <u>United States v. Miller</u>, 77 F.3d 71, 77-78 (4th Cir, 1996), (<u>see</u> Judgment, at p. 5), defendant has not shown that the payment schedule imposed by the Bureau of Prisons is onerous or unrealistic. Indeed, with such a small balance of restitution, it would be difficult to fathom how any payment schedule could be overly burdensome. The BOP has the authority to administer its Inmate Financial Responsibility Program ("IFRP"), which encourages and assists inmates with developing a financial plan for satisfaction of federal obligations. To the extent a federal prisoner disagrees with payments set up by a case manager in accordance with the IFRP and consistent with the governing Judgment and Commitment Order, the federal prisoner must still exhaust his administrative remedies within the BOP before seeking any relief from the district court. Thus, even if defendant had made a facial showing, he must first exhaust (and show the court that he has exhausted) the administrative remedies provided by BOP.

As to a copy of the criminal docket for his case, the court understands this request to be for a copy of the docket sheet in this matter, which the court finds to be a reasonable request, and it will be allowed.

As to readjustment of his points, which appears to relate to confinement

determinations by the Bureau of Prisons, the court is without authority to "readjust" points that may have some impact on defendant's conditions of confinement. Put another way, what is contained in the presentence report and adopted into the criminal Judgment nearly 10 years ago speaks for itself.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the relief sought in defendant's letters of November 1, 2009, (#51) and November 30, 2009 (#52) is **DENIED,** except that the Clerk of this Court is respectfully instructed to send to defendant a copy of the docket sheet maintained in this matter that would be available through use of a public terminal.

Signed: April 18, 2011

Max O. Cogburn Jr.
United States District Judge